SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (SBN 224890)
Bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (951) 234-0881; Fax (888) 819-8230

Attorneys for Plaintiff
EVANGELINA BANKS

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINA BANKS, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL, FOR VIOLATIONS OF:** |
| v. | |
| KEVIN JEWELERS, INC.; THE BEST SERVICE COMPANY, INC.; DOES 1-10, | 1. **STATE OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,** |
| Defendants. | 2. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,** |
| | 3. **STATE OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff, EVANGELINA BANKS, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through her attorneys of record, files this Complaint to secure redress from unlawful consumer protection violations engaged in by Defendants KEVIN JEWELERS, INC. ("KEVIN") and THE BEST SERVICE COMPANY, INC.

1
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

("BEST") in violation of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"); the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act"); as well as the California Consumer Credit Reporting Agencies Act (hereinafter "CCCRAA").

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

///

2
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the CCCRAA:

(a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.

(b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

///

///

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

## JURISDICTION AND VENUE

5. This action arises out of Defendant BEST's violations of the FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1640(e) and 15 U.S.C. § 1692k; as well as supplemental jurisdiction over the State law causes of action pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant BEST regularly conducts business within the State of California by maintaining a physical location at 6700 S. Centinela Blvd., 3rd Floor, Culver City, CA, personal jurisdiction is established.

7. Because Defendant KEVIN regularly conducts business within the State of California by maintaining a physical location at 550 S. Hill Street, Suite 1150, Los Angeles, CA, personal jurisdiction is established.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, City of Murrieta, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants both have conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

9. At some point in the year 2012, Plaintiff received a credit card from

Defendant KEVIN for her to use to make everyday purchases in her everyday life.

10. At some point thereafter, Plaintiff defaulted upon the payments.

11. On June 18, 2014, Plaintiff petitioned the Bankruptcy court for a Chapter 13 discharge of her debts.

12. Plaintiff specifically named Defendant KEVIN as a creditor holding an unsecured claim on one of her debts to be included in discharge.

13. The bankruptcy trustee notified Defendant KEVIN of the debt being included in Plaintiff's petition for discharge.

14. Upon information and belief, at some point in August 2014, Defendant KEVIN sold, transferred, or assigned the debt to Defendant BEST.

15. The bankruptcy trustee established a Chapter 13 repayment plan, which included the debt owed to Defendant KEVIN.

16. Plaintiff made all payments consistent with the Chapter 13 plan in a timely manner, and her payments thereupon were discharged on January 19, 2016.

17. No creditor objected or sought any adversary proceedings to Plaintiff's bankruptcy proceedings, which thereby bound all creditors to the terms of the Chapter 13 plan.

18. Without any objections or adversary proceedings having been sought by either Defendant KEVIN or Defendant BEST, the debt was discharged along with all other debts on January 19, 2016 pursuant to Plaintiff's Chapter 13 plan.

19. Plaintiff discovered in April 2016 that Defendants have reported to "The Big Three" consumer credit reporting agencies—Experian, Equifax, and Trans Union—inaccurate information about the account.

20. In particular, Defendant KEVIN has persisted in reporting, even after her discharge in January 2016, that there is a "past due amount $445.00" on the account, there is "balance $445.00", and every month in 2016 after her discharge contains a mark of "FP" which means "failure to pay".

21. However, as Defendant KEVIN was included in Plaintiff's Chapter 13

Case 5:16-cv-01652-PSG-DTB   Document 1   Filed 07/29/16   Page 6 of 11   Page ID #:6

bankruptcy petition and the debt owed to Defendant KEVIN was included in Plaintiff's discharge, Defendant KEVIN was required to report the amount due as $0.00 and is not permitted to report any delinquencies after the discharge.

22. Defendant KEVIN has failed to report that the debt was included in Plaintiff's discharge, which creates the false and misleading impression that she has still has a responsibility upon the account.

23. This false information reported by Defendant KEVIN was provided to multiple potential creditors in February and July of 2016, at a minimum, as indicated by creditor inquiries on her reports.

24. Moreover, Plaintiff discovered in April 2016 that Defendant BEST reported during the months of February to April 2016, after her discharge, that there is a "past due amount $400.00" on the account, there is "balance $400.00", and that the account is "in collections" and "seriously past due".

25. However, as Defendant BEST purchased the debt and all of its rights and liabilities from Defendant KEVIN after Plaintiff petitioned for bankruptcy, then Defendant BEST is presumed to have been on notice that Plaintiff included the debt in her bankruptcy petition and the debt was thereafter included in Plaintiff's discharge. Consequently, Defendant BEST was required to report the amount due as $0.00 and is not permitted to report any delinquencies after the discharge.

26. Defendant BEST has also failed to report that the debt was included in Plaintiff's discharge, which creates the false and misleading impression that she has still has a responsibility upon the account.

27. This false information reported by Defendant BEST was also provided to multiple potential creditors in February and July of 2016, at a minimum, as indicated by creditor inquiries on her reports.

28. The false reporting by both Defendants BEST and KEVIN have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and

6
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 Plaintiff is therefore still personally liable for it, all of which is absolutely false.

2     29.    Defendant's violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due to her essentially being held back from moving on with her life after he bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

### FIRST CAUSE OF ACTION
### 15 U.S.C. § 1692, et seq.
### (FEDERAL FAIR DEBT COLLECTION PRACTICES ACT)
### AS AGAINST DEFENDANT BEST ONLY

    30.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

    31.    Because Defendant BEST took over the account after it had already gone into default, Defendant BEST is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the Federal FDCPA.

    32.    Because the account in question pertains to a personal credit card that was issued to Plaintiff as finances for her to use within her everyday life, the account in question is therefore a consumer debt within the meaning of 15 U.S.C. §1692a(5) and Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a(3) of the Federal FDCPA.

    33.    By reporting upon Plaintiff's consumer credit report inaccurate and misleading information that creates the false impression that Plaintiff is still responsible for the alleged debt and without indicating anywhere that Plaintiff's liability was discharged upon the debt, Defendant has therefore committed the following violations of the Federal FDCPA:

    a.    Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15

U.S.C. § 1692e;

b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

c. Has taken legal action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

d. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8);

e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

34. Plaintiff is informed and believes that these violations were negligent and/or willful, in that Defendant BEST could have easily discovered the proper information by simply reviewing its own account records prior to initiating any credit reporting.

35. Defendant BEST's violations have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and Plaintiff is therefore still personally liable for it, all of which is absolutely false.

36. Defendant's violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due to her essentially being held back from moving on with her life after he bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

37. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages of up to $1,000.00, actual damages, attorneys' fees, and costs of prosecution.

///

8
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

### SECOND CAUSE OF ACTION
### Calif. Civ. Code § 1785.25(a)
### (CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT)
### AS AGAINST ALL DEFENDANTS

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

39. As the furnisher of information to credit reporting agencies, both Defendants have always been obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

40. Both Defendants have violated their obligations because both Defendants have consistently reported, even after her discharge in January 2016, that there is a balance owed upon the account, a past due balance upon the account, and have failed to report that Plaintiff's liability upon the account was discharged in January 2016.

41. Defendant KEVIN knew or should have known of its obligation to not report an active balance or a past due balance, because it was served with the bankruptcy trustee's notice that Plaintiff included the unsecured debt in her petition.

42. Defendant BEST knew or should have known of its obligation to not report an active balance or a past due balance, because it purchased the debt from Defendant KEVIN after Defendant KEVIN was served with the bankruptcy trustee's notice, which means Defendant BEST received knowledge of the debt having been so included.

43. Plaintiff is informed and believes that these violations were negligent at a minimum, and/or willful, as both Defendants could have easily reviewed their own account records to know that Plaintiff had included the debt in her bankruptcy discharge.

44. Defendants' violations occurred multiple months from February to the

present date.

45. Even if Defendants' derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

46. Defendants' violations have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and Plaintiff is therefore still personally liable for it, all of which is absolutely false.

47. Defendants' violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due to her essentially being held back from moving on with her life after he bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

48. Pursuant to Calif. Civ. Code § 1785.31, Plaintiff is therefore entitled to an award of actual damages, statutory damages of $100.00 to $5,000.00 for every willful violation, injunctive relief, as well as attorneys' fees and costs for pursuing prosecution of these violations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**FEDERAL FDCPA**

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages in the amount of $75,000.00, or as the jury may allow, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**CALIF. CCRAA VIOLATIONS**

- Actual damages in the amount of $75,000.00, or as the jury may allow, for Defendant's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);
- Actual damages as identified above, plus punitive damages of $5,000.00 for each and every willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
- Injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and
- An award of costs of litigation and attorneys' fees, pursuant to Calif. Civ. Code § 1785.31(d).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 07-29-16                             Respectfully submitted,

                                                   SEMNAR & HARTMAN, LLP

                                    By:  */s/ Jared M. Hartman*_____
                                            Jared M. Hartman, Esq.
                                            Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**